1  Allyson S. Ascher (SBN 286863)
   JACKSON LEWIS P.C.
2  200 Spectrum Center Drive, Suite 500
   Irvine, CA  92618
3  Tel:  (949) 885-1360
   Fax:  (949) 885-1380
4  E-mail:  Allyson.Ascher@jacksonlewis.com

5  Attorneys for Defendant
   XPO LAST MILE, INC.

6

7

8  ### UNITED STATES DISTRICT COURT

9  ### CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 HECTOR IBANEZ, Individually, and        Case No.
   on Behalf of Others Similarly Situated
12 Individuals,
                                           **DEFENDANT XPO LAST MILE,**
13             Plaintiffs                   **INC.'S NOTICE OF REMOVAL**
                                            **PURSUANT TO 28 U.S.C. §§ 1332,**
14        vs.                               **1441, AND 1446**

15 XPO LAST MILE, INC., a Georgia           [San Bernardino County Superior Court
   corporation, and DOES 1 through 25,      Case No. CIVDS 1709725]
16 Inclusive
                                            Action Filed:    May 23, 2017
17             Defendant.                   Trial Date:      None Set
                                            Date Removed:    June 23, 2017
18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that XPO Last Mile, Inc. ("XPO LM"), a defendant in the above-titled action, hereby removes this matter to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### The Putative Class Action

1. Plaintiff Hector Ibanez filed this copycat putative class action in the Superior Court of the State of California. *See* Ex. A, Complaint ("*Ibanez* Compl."). Twelve different plaintiffs have filed three separate putative class actions over the past 15 months alleging virtually identical causes of actions and legal theories against XPO LM. *Carter, et al. v. XPO Logistics, Inc. and Does 1 through 1, inclusive*, No. 3:16-cv-01231-WHO ("*Carter*"); *Garcia, et al., v. Macy's West Stores, Inc., Joseph Eletto Transfer, Inc., XPO Logistics, LLC, and Does 1 through 25, Inclusive*, No. 3:16-cv-04440-WHO ("*Garcia*"); *Kramer v. XPO Logistics, Inc., and Does 1 -100*, No. 3:16-cv-07039-WHO ("*Kramer*").[1] The plaintiffs filed *Carter* in the District Court for the Northern District of California, and XPO LM successfully removed *Kramer* and *Garcia* to the Northern District based on the same grounds that it asserts in this removal notice. The Northern District subsequently related *Carter*, *Kramer* and *Garcia*, and those three actions are now pending in the Northern District before Judge Orrick. This fourth action filed by Ibanez—which asserts virtually the same claims on behalf of the individuals included in the *Carter*, *Kramer* and *Garcia* putative classes—also belongs in federal court before Judge Orrick. Indeed, XPO LM intends to file a motion to transfer this case to the Northern District and, once transferred, XPO LM will ask Judge Orrick to relate this

---

[1] The plaintiffs in those cases originally named an incorrect XPO entity—XPO Logistics, Inc. or XPO Logistics LLC—and those litigations are now proceeding against XPO LM, which is the party that all of the plaintiffs intended to sue.

case to the three other putative class actions pending before him.

2.     On May 23, 2017, Ibanez filed his Complaint against XPO LM and Does 1 through 100, Inclusive in the Superior Court of the State of California for the County of San Bernardino, Case No. CIVDS170972J.   The plaintiff seeks to represent "[a]ll individuals who worked for [XPO Last Mile] in the state of California as Independent Contractor Drivers" over the past four years.   *Ibanez* Compl. ¶ 14.   This class definition encompasses the individuals who make up the putative classes in *Carter*, *Kramer* and *Garcia*.   *See* Declaration of Allyson S. Ascher, dated June 23, 2017 ("Ascher Decl."), ¶ 3, Ex. 1 (Order Defining Respective Classes, *Carter* ECF No. 101) (defining the *Carter* class as "[a]ll persons who are or have personally worked as a Delivery Driver for [XPO LM] in the State of California and who signed a 'Delivery Service Agreement'" over the past four years; defining the *Garcia* class as "[a]ll persons who are or have picked up and delivered products as a Delivery Driver or a Helper at Macy's Logistics and Operations Center located in Union City in the State of California" over the past four years; and defining the *Kramer* class as "[a]ll persons who were drivers or driver helpers who . . . were dispatched by [XPO LM] to perform pickup and delivery services for customers of [XPO LM]" over the past four years).   That is, *Carter*, *Kramer* and *Garcia* each involve putative classes that are subsets of the *Ibanez* putative class.

3.     Ibanez—like the plaintiffs in *Carter*, *Kramer* and *Garcia*—alleges that he and the putative class members were (or are) XPO LM employees as opposed to independent contractors.   *Compare Ibanez* Compl. ¶ 1, *with* Ascher Decl. ¶ 4, Ex. 2 (*Carter* FAC ¶ 6, *Carter* ECF No. 33), *and* Ascher Decl. ¶ 5, Ex. 3 (*Garcia* Compl. ¶ 15, *Garcia* ECF No. 1-1), *and* Ascher Decl. ¶ 6, Ex. 4 (*Kramer* Compl. ¶ 46, *Kramer* ECF No. 5-1).   As a purported employee, Ibanez asserts the following causes of action: (1) failure to pay overtime compensation (Labor Code §§ 510 and 1198); (2) failure to pay minimum wage (Labor Code § 1194, 1197, 1197.1); (3) failure to provide meal and rest periods (Labor Code §§ 512 and 226.7); failure to timely pay

wages on termination (Labor Code §§ 201, 202); (4) failure to furnish compliant wage statements (Labor Code § 226); (5) indemnification (Labor Code §§ 2800 and 2802); (6) unfair competition (Labor Code §§ 17200 *et seq.*).[2]  The plaintiffs in *Carter*, *Kramer* and *Garcia* assert the same causes of action.  *Compare Ibanez* Compl., *with* Ascher Decl. ¶ 4, Ex. 2 (*Carter* Compl. ¶ 6), *and* Ascher Decl. ¶ 5, Ex. 3 (*Garcia* Compl. ¶ 2-3), *and* Ascher Decl. ¶ 6, Ex. 4 (*Kramer* Compl.).

4.      On or about June 23, 2017, XPO LM filed and served its Answer to the Complaint in San Bernardino County Superior Court.  A true and correct copy of XPO LM's Answer is attached hereto as Exhibit B.

**Venue, Timeliness, and Consent**

5.      Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1441(a) because the Central District of California includes the Superior Court of the State of California for the County of San Bernardino.

6.      The plaintiffs served XPO LM with the Complaint on May 24, 2017. *See* Ex. A.  This Notice of Removal is thus timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the initial pleading.

7.      All known defendants consent to the removal of this action.

**Removal Under Class Action Fairness Act ("CAFA")**

8.      This Court has original jurisdiction over this case because it is a putative class action in which the proposed class has more than 100 members, the amount in controversy exceeds $5,000,000, and there is minimal diversity.   28 U.S.C. § 1332(b), (d); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

---

[2] A copy of all of the process, pleadings, and orders served upon XPO LM is attached as Exhibit A.

## I.     There Is Diversity of Citizenship

9.     The minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met when at least one plaintiff and one defendant are citizens of different states.   28 U.S.C. § 1332(d)(2)(A).

10.     The plaintiff is a citizen of California.  *See Ibanez* Compl. ¶ 5.

11.     XPO LM is a Georgia corporation with its principal place of business in Marietta, Georgia.   *See* Declaration of Tony Torres, dated June 23, 2017, ¶ 3 ("Torres Decl."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where the corporation's officers direct, control and coordinate the corporation's activities."); *see also* Ascher Decl. ¶ 7, Ex. 5 (Declaration of Tony Torres in support of *Garcia* Notice of Removal, ¶ 4, *Garcia* ECF No. 1-5); Ascher Decl. ¶ 8, Ex. 6 (Declaration of Danny Hansen in support of *Kramer* Notice of Removal, ¶ 4, *Kramer* ECF No. 1-10).

## II.     The Proposed Class Exceeds 100 Members

12.     The plaintiffs define the proposed class as: "All individuals who worked for Defendants in the state of California as Independent Contractor Drivers, or other similar position titles, at any time during the period from four years prior to the filing of this Complaint until the date of certification." *Ibanez* Compl. ¶ 14.

13.     Between May 23, 2013 and May 23, 2017, the number of individuals potentially within the plaintiffs' proposed class exceeds 100 members.  Torres Decl. ¶ 5; *see also* Ascher Decl. ¶ 7, Ex. 5 (Declaration of Tony Torres in support of *Garcia* Notice of Removal, ¶ 7); Ascher Decl. ¶ 8, Ex. 6 (Declaration of Danny Hansen in support of *Kramer* Notice of Removal, ¶ 6).

## III.     The Amount in Controversy Exceeds $5 Million

14.     Although XPO denies that it is liable to the plaintiff or the putative class, the amount in controversy exceeds $5,000,000.

15.    The amount in controversy includes potential damages based on the claims in the complaint and attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (unspecified attorneys' fees are appropriately counted toward the amount in controversy in CAFA removal actions); *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal., May 1, 2007) (slip copy) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiffs on all claims made in the complaint.").

16.    The Court must "look beyond the complaint to determine whether the putative class action meets the [amount in controversy] requirements" and add to the amount in controversy "the potential claims of the absent class members." *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 185 L.Ed. 2d 439 (2013)).

17.    XPO successfully removed *Kramer* and *Garcia* because the amount in controversy in each action exceeded $5 million, *see* Ascher Decl. ¶ 9, Ex. 7 (*Garcia* Notice of Removal, *Garcia* ECF No. 1); Ascher Decl. ¶ 10, Ex. 8 (*Kramer* Notice of Removal, *Kramer* ECF No. 1), and the *Carter* plaintiffs filed their complaint in federal court because they seek $75 million in damages. *See* Ascher Decl. ¶ 4, Ex. 2 (*Carter* FAC); *Carter* Dkt., Demand.    Because Ibanez seeks to represent the individuals who make up the *Kramer*, *Garcia* and *Carter* putative classes—and because each of those actions individually satisfies CAFA's amount in controversy requirement—it necessarily follows that the amount in controversy in this action exceeds $5 million.

IV.   **Notice to Plaintiffs and the Superior Court for the County of San Bernardino**

18.   As required by 28 U.S.C. § 1446(d), a copy of the original notice of removal will be served on the plaintiffs' counsel of record.  In addition, a copy of this notice of removal will be filed with the Clerk of the Court for the Superior Court of the County of San Bernardino.  A true and correct copy of the Notice to Adverse Parties of Removal of Action to the United States District Court by XPO LM, to be filed in the Superior Court of the County of San Bernardino, without the exhibits, is attached hereto as Exhibit C.

19.   The undersigned counsel for XPO LM has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. § 1446(a).

**No Waiver**

20.   By filing this Notice of Removal, XPO LM does not waive any defenses available to it.

WHEREFORE, XPO LM respectfully removes this case to this Court.

DATED: June 23, 2017                    JACKSON LEWIS PC


By: */s/ Allyson S. Ascher*
         Allyson S. Ascher

Attorneys for Defendant
XPO LAST MILE, INC.

4811-3345-2618, v. 2

EXHIBIT A

REGISTERED AGENT SOLUTIONS INC

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

5/24/2017

Service of Process Dept.
**XPO Last Mile, Inc.**
c/o XPO Logistics
2211 Old Earnhart Road
Ann Arbor, MI 48105 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: XPO Last Mile, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

**SERVICE INFORMATION**

Service Date: 5/24/2017
Service Time: 3:21 PM PDT
Service Method: Process Server

**RASi REFERENCE INFORMATION**

Service No.: 0066360
RASi Office: California
Rec. Int. Id.: AXS

**CASE INFORMATION**

Case Number: CIVDS 1709725
File Date: 05/23/2017
Jurisdiction: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
Case Title: HECTOR IBANEZ VS. XPO LAST MILE, INC., ET AL.

**ANSWER / APPEARANCE INFORMATION**

30 days *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

Firm/Issuing Agent: THE BAINER LAW FIRM
Attorney/Contact: MATTHEW R. BAINER
Location: California
Telephone No.: 510-922-1802

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Notice: OF CASE ASSIGNMENT
Demand for Jury Trial
OtherDetail: CIVIL CASE COVER SHEET

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process per your default account instructions. RASi offers several methods of notification including Telephone Notification, Email Notification, Online Insta-SOP Delivery, and FedEx/US Postal Service Delivery. If you would like to update your account's default notification methods or view Service of Process information, log into your online account at www.rasi.com.

*Thank you for your continued business!*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 3 2017

BY _____
DAISY MONDRAGON, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XPO Last Mile, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Hector Ibanez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): San Bernardino Superior Court

247 West Third Street
San Bernardino, CA 92415-020

CASE NUMBER
(Número del Caso):
CIVDS D09725

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
The Balner Law Firm, 1901 Harrison St., Ste. 1100 Oakland, CA 94610 510-922-1802

DATE: May 23, 2017    MAY 2 3 2017    Clerk, by    Daisy Mondragon    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (FOS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): XPO Last Mile, Inc., a Georgia corporation

under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1
Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
2
1901 Harrison St., Suite 1100
Oakland, California 94612
3
Telephone:   (510) 922-1802
Facsimile:   (510) 844-7701
4
mbainer@bainerlawfirm.com

5
Attorneys for Plaintiff Hector Ibanez

```
                          F I L E D
                  SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF SAN BERNARDINO
                   SAN BERNARDINO DISTRICT

                       MAY 23 2017

        BY_____
             DAISY MONDRAGON, DEPUTY
```

6

7
SUPERIOR COURT OF THE STATE OF CALIFORNIA

8
FOR THE COUNTY OF SAN BERNARDINO

9

10
HECTOR IBANEZ, individually and on
behalf of others similarly situated.
11
Plaintiff,
12
vs.
13
XPO LAST MILE, INC., a Georgia
14
corporation; and DOES 1 through 100,
inclusive,
15
Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: CIVDS 1709725

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510
    and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code
    §§ 1194, 1197, and 1197.1 (Unpaid
    Minimum Wages);
(3) Violation of California Labor Code
    §§ 226.7 and 512(a) (Unpaid Meal Period
    Premiums);
(4) Violation of California Labor Code § 226.7
    (Unpaid Rest Period Premiums);
(5) Violation of California Labor Code §§ 201
    and 202 (Wages Not Timely Paid Upon
    Termination);
(6) Violation of California Labor Code §
    226(a) (Non-Compliant Wage Statements);
(7) Violation of California Labor Code § 2802
    (Reimbursement of Business Expenses)
    and
(8) Violation of California Business &
    Professions Code §§ 17200, *et seq.*

**Jury Trial Demanded**

BY FAX

CLASS ACTION COMPLAINT

1    Plaintiff, individually and on behalf of all other members of the public similarly

2    situated, alleges as follows:

3                        **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5    section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8    Constitution, Article VI, section 10. The statutes under which this action is brought do not

9    specify any other basis for jurisdiction.

10   3.    This Court has jurisdiction over all Defendants because, upon information and

11   belief, Defendants are either citizens of California, have sufficient minimum contacts in

12   California, or otherwise intentionally avail themselves of the California market so as to render

13   the exercise of jurisdiction over them by the California courts consistent with traditional

14   notions of fair play and substantial justice.

15   4.    Venue is proper in this Court because Defendants employed Plaintiff and other

16   class members and continue to employ other class members in this county and thus a

17   substantial portion of the transactions and occurrences related to this action occurred in this

18   county.  Cal. Civ. Proc. Code § 395.

19                        **THE PARTIES**

20   5.    Plaintiff HECTOR IBANEZ is a resident of Ontario, California, in San

21   Bernardino County.

22   6.    Defendant XPO LAST MILE, INC. ("XPO") was and is, upon information and

23   belief, a Georgia corporation and, at all times hereinafter mentioned, an employer whose

24   employees are engaged throughout this county, the State of California, or the various states of

25   the United States of America.

26   7.    Plaintiff is unaware of the true names or capacities of the Defendants sued

27   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

28   amend the complaint and serve such fictitiously named Defendants once their names and

1   capacities become known.

2        8.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

3   100 are the partners, agents, owners, shareholders, managers or employees of XPO at all

4   relevant times.

5        9.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

6   acts and omissions alleged herein were performed by, or are attributable to, XPO and/or

7   DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

8   ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

9   was acting within the course and scope of such agency, employment, joint venture, or

10  concerted activity with legal authority to act on the others' behalf.  The acts of any and all

11  Defendants represent and were in accordance with Defendants' official policy.

12       10.     At all relevant times, Defendants, and each of them, ratified each and every act

13  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

14  and abetted the acts and omissions of each and all the other Defendants in proximately causing

15  the damages herein alleged.

16       11.     Plaintiff is informed and believes, and thereon alleges, that each of said

17  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

18  omissions, occurrences, and transactions alleged herein.

19                          **CLASS ACTION ALLEGATIONS**

20       12.     Plaintiff brings this action on his own behalf, as well as on behalf of each and

21  all other persons similarly situated, and thus, seeks class certification under California Code of

22  Civil Procedure section 382.

23       13.     All claims alleged herein arise under California law for which Plaintiff seeks

24  relief authorized by California law.

25       14.     Plaintiff's proposed class consists of and is defined as follows:

26           All individuals who worked for Defendants in the state of
             California as Independent Contractor Drivers, or other similar
27           position titles, at any time during the period from four years
             prior to the filing of this Complaint until the date of certification
28           ("Class").

Page 2

15. Members of the Class will hereinafter be referred to as "class members."

16. Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

(c) Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiffs and class members' overtime rate of pay was based;

(d) Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

(e) Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(f) Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(g) Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(h) Whether Defendants failed to pay all vested and unused vacation pay due to Plaintiffs and class members upon their discharge;

(i) Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period

Page 3

CLASS ACTION COMPLAINT

1    premium wages;

2    (j)    Whether Defendants failed to timely pay wages due to class members

3    upon their discharge, including meal and rest period premium wages;

4    (k)    Whether Defendants' failure to pay wages, without abatement or

5    reduction, in accordance with the California Labor Code, was willful or

6    reckless;

7    (l)    Whether Defendant failed to reimburse Plaintiff and class members for

8    business expenses incurred in the discharge of their work duties;

9    (m)    Whether Defendants engaged in unfair business practices in violation of

10    California Business & Professions Code sections 17200, *et seq.*; and

11    (n)    The appropriate amount of damages, restitution, or monetary penalties

12    resulting from Defendants' violations of California law.

13    18.    There is a well-defined community of interest in the litigation and the class is

14    readily ascertainable:

15    (a)    Numerosity:  The members of the class are so numerous that joinder of

16    all members would be unfeasible and impractical.  The membership of

17    the entire class is unknown to Plaintiff at this time; however, the class is

18    estimated to be over forty and the identity of such membership is readily

19    ascertainable by inspection of Defendants' employment records.

20    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

21    protect the interests of each class member with whom he has a well-

22    defined community of interest, and Plaintiff's claims (or defenses, if

23    any) are typical of all Class Members' as demonstrated herein.

24    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

25    protect the interests of each class member with whom he has a well-

26    defined community of interest and typicality of claims, as demonstrated

27    herein.  Plaintiff acknowledges that he has an obligation to make known

28    to the Court any relationship, conflicts or differences with any class

1   member. Plaintiff's attorneys, the proposed class counsel, are versed in

2   the rules governing class action discovery, certification, and settlement.

3   Plaintiff has incurred, and throughout the duration of this action, will

4   continue to incur costs and attorneys' fees that have been, are and will

5   be necessarily expended for the prosecution of this action for the

6   substantial benefit of each class member.

7       (d)    Superiority: The nature of this action makes the use of class action

8   adjudication superior to other methods. A class action will achieve

9   economies of time, effort, and expense as compared with separate

10  lawsuits, and will avoid inconsistent outcomes because the same issues

11  can be adjudicated in the same manner and at the same time for the

12  entire class.

13      (e)    Public Policy Considerations: Employers in the State of California

14  violate employment and labor laws every day. Current employees are

15  often afraid to assert their rights out of fear of direct or indirect

16  retaliation. Former employees are fearful of bringing actions because

17  they believe their former employers might damage their future

18  endeavors through negative references and/or other means. Class

19  actions provide the class members who are not named in the complaint

20  with a type of anonymity that allows for the vindication of their rights at

21  the same time as their privacy is protected.

22  **GENERAL ALLEGATIONS**

23      19.    XPO is the largest provider of last mile logistics in North America. XPO has

24  and continues to provide these services to clients throughout the state of California.

25      20.    Defendants employed Plaintiff as a delivery truck Driver charged with

26  delivering products to and on behalf of XPO customers in the County of San Bernardino from

27  approximately February 2107 through the present.

28      21.    In employing Plaintiff, Defendant's misclassified him as an "independent

1    contractor" and, on that basis, denied Plaintiff basic statutory rights and protections provided

2    to all California employees and complained of more fully herein.

3        22.    Defendants continue to employ employees in the position of Driver, and similar

4    positions, who are similarly classified as "independent contractors" throughout California.

5        23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

6    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

7    and advisors knowledgeable about California labor and wage law, employment and personnel

8    practices, and about the requirements of California law.

9        24.    Plaintiff is informed and believes, and thereon alleges, that employees were not

10    paid for all hours worked because all hours worked were not recorded.

11        25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12    should have known that Plaintiff and class members were entitled to receive certain wages for

13    overtime compensation and that they were not receiving certain wages for overtime

14    compensation.

15        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

16    should have known that Plaintiff and class members were entitled to receive at least minimum

17    wages for compensation and that, in violation of the California Labor Code, they were not

18    receiving at least minimum wages for work done off-the-clock.

19        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20    should have known that Plaintiff and other class members were entitled to receive all meal

21    periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

22    regular rate of pay when they did not receive a timely, uninterrupted meal period, and that

23    they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff

24    and other class members' regular rate of pay when they did not receive a timely, uninterrupted

25    meal period.

26        28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27    should have known that Plaintiff and other class members were entitled to receive all rest

28    periods or payment of one (1) additional hour of pay at Plaintiff and other class members'

CLASS ACTION COMPLAINT

regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and other class members were not provided with complete and accurate wage statements.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that terminated class members were entitled to timely payment of wages upon termination. In violation of the California Labor Code, terminated class members did not receive payment of all wages within permissible time periods.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that class members were entitled to be fully reimbursed for all necessary and reasonable business expenses incurred while completing their job duties. In violation of the California Labor Code, Plaintiff and other class members did not receive reimbursement for all expenses reasonably and necessarily incurred in the performance of their job duties.

33.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against All Defendants)

34.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

35.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

36.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

37.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

38.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

39.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in

1    excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day
2    of work.

3        40.    During the relevant time period, Plaintiff and class members worked in excess
4    of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty
5    (40) hours in a week. Despite this work, Defendant did not compensate Plaintiff and Class
6    members the applicable overtime compensation rate for this work.

7        41.    Defendants' failure to pay Plaintiff and class members the unpaid balance of
8    overtime compensation, as required by California law, violates the provisions of California
9    Labor Code sections 510 and 1198, and is therefore unlawful.

10       42.    Pursuant to California Labor Code section 1194, Plaintiff and class members
11   are entitled to recover their unpaid overtime compensation, as well as interest, costs, and
12   attorneys' fees.

13                          **SECOND CAUSE OF ACTION**
14   **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**
15                           **(Against All Defendants)**

16       43.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
17   and every allegation set forth above.

18       44.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1
19   provide that the minimum wage for employees fixed by the Industrial Welfare Commission is
20   the minimum wage to be paid to employees, and the payment of a wage less than the
21   minimum so fixed is unlawful. Defendants regularly required Plaintiff and class members to
22   work off-the-clock. Defendants did not pay at least minimum wages for all of these off-the-
23   clock hours. Also, to the extent that these off-the-clock hours did not qualify for overtime
24   premium payment, Defendants did not pay minimum wages for those hours worked off-the-
25   clock in violation of California Labor Code sections 1194, 1197. and 1197.1.

26       45.    Defendants' failure to pay Plaintiff and class members the minimum wage as
27   required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those
28   sections, Plaintiff and class members are entitled to recover the unpaid balance of their

CLASS ACTION COMPLAINT

1 | minimum wage compensation, as well as interest, costs, and attorney's fees.

2 |     46.   Pursuant to California Labor Code section 1194.2, Plaintiff and class members

3 | are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

4 | and interest thereon.

5 | **THIRD CAUSE OF ACTION**

6 | **Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period**

7 | **Premiums**

8 | **(Against All Defendants)**

9 |     47.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10 | and every allegation set forth above.

11 |     48.   At all relevant times herein set forth, the applicable California Industrial

12 | Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

13 | 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

14 | and each of them.

15 |     49.   At all relevant times herein set forth, California Labor Code section 226.7

16 | provides that no employer shall require an employee to work during any meal period

17 | mandated by an applicable order of the California Industrial Welfare Commission (IWC).

18 |     50.   At all relevant times herein set forth, California Labor Code section 512(a)

19 | provides that an employer may not require, cause, or permit an employee to work for a period

20 | of more than five (5) hours per day without providing the employee with a meal period of not

21 | less than thirty (30) minutes, except that if the total work period per day of the employee is

22 | not more than six (6) hours, the meal period may be waived by mutual consent of both the

23 | employer and the employee.

24 |     51.   During the relevant time period, Plaintiff and other class members scheduled to

25 | work for a period of time no longer than six (6) hours, and who did not waive their legally

26 | mandated meal periods by mutual consent, were required to work for periods longer than five

27 | (5) hours without a meal period of not less than thirty (30) minutes.

28 |     52.   During the relevant time period, Defendants willfully required Plaintiff and

1   other class members to work during meal periods and failed to compensate them for work

2   performed during meal periods. For example, Defendants had a policy and/or practice of

3   failing to schedule customer appointments and to properly coordinate employee schedules

4   such that Plaintiff and other class members were relieved of all duties and permitted to take

5   compliant meal breaks. Instead, Plaintiff and other class members were required to work

6   through meal periods, cut their meal periods short, suffer interruptions during meal periods,

7   and/or take meal periods after the fifth hour of work because of Defendants' practices.

8   Defendants then failed to pay Plaintiff and other class members all meal period premiums due

9   pursuant to California Labor Code section 226.7.

10       53.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

11   Wage Order(s), and California Labor Code sections 226.7 and 512(a).

12       54.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

13   Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are

14   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

15   hourly rate of compensation for each work day that the meal period was not provided.

16                     **FOURTH CAUSE OF ACTION**

17      **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

18                     **(Against All Defendants)**

19       55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

20   and every allegation set forth above.

21       56.    At all relevant times herein set forth, the applicable IWC Wage Order and

22   California Labor Code section 226.7 were applicable to Plaintiff's and class members'

23   employment by Defendants.

24       57.    At all relevant times, California Labor Code section 226.7 provides that no

25   employer shall require an employee to work during any rest period mandated by an applicable

26   order of the California IWC.

27       58.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

28   employer shall authorize and permit all employees to take rest periods, which insofar as

1    practicable shall be in the middle of each work period" and that the "rest period time shall be

2    based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

3    hours or major fraction thereof" unless the total daily work time is less than three and one-half

4    (3½) hours.

5        59.    During the relevant time period, Defendants required Plaintiff and class

6    members to work four (4) or more hours without authorizing or permitting a ten (10) minute

7    rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to

8    properly staff and coordinate customer appointments lead to their being unable to take

9    compliant rest breaks, even where they had knowledge about their rest break rights.

10   Defendants then failed to pay Plaintiff and class members the full rest period premium due

11   pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay

12   Plaintiff and other class members rest period premiums in violation of California Labor Code

13   section 226.7.

14       60.    During the relevant time period, Defendants failed to pay Plaintiff and class

15   members the full rest period premium due pursuant to California Labor Code section 226.7.

16       61.    Defendants' conduct violates the applicable IWC Wage Orders and California

17   Labor Code section 226.7.

18       62.    Pursuant to the applicable IWC Wage Order and California Labor Code section

19   226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

20   additional hour of pay at the employee's regular hourly rate of compensation for each work

21   day that the rest period was not provided.

22                        **FIFTH CAUSE OF ACTION**

23   **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

24                              **Termination**

25                         **(Against All Defendants)**

26       63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

27   and every allegation set forth above.

28       64.    This cause of action is wholly derivative of and dependent upon the unpaid

                                Page 12

1   wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal

2   and rest period premium wages, which remained unpaid upon termination of terminated class

3   members' employment.

4        65.    At all times herein set forth, California Labor Code sections 201 and 202

5   provide that if an employer discharges an employee, the wages earned and unpaid at the time

6   of discharge are due and payable immediately, and that if an employee voluntarily leaves his

7   or her employment, his or her wages shall become due and payable not later than seventy-two

8   (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

9   his or her intention to quit, in which case the employee is entitled to his or her wages at the

10  time of quitting.

11        66.    During the relevant time period, Defendants willfully failed to pay class

12  members who are no longer employed by Defendants the earned and unpaid wages set forth

13  above, including but not limited to, overtime wages, minimum wages, and meal and rest

14  period premium wages, either at the time of discharge, or within seventy-two (72) hours of

15  their leaving Defendants' employ.

16        67.    Defendants' failure to pay those class members who are no longer employed by

17  Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

18  hours of their leaving Defendants' employ, is in violation of California Labor Code sections

19  201 and 202.

20        68.    California Labor Code section 203 provides that if an employer willfully fails

21  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

22  shall continue as a penalty from the due date, and at the same rate until paid or until an action

23  is commenced; but the wages shall not continue for more than thirty (30) days.

24        69.    Terminated class members are entitled to recover from Defendants the statutory

25  penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a

26  thirty (30) day maximum pursuant to California Labor Code section 203.

27

28

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

**(Against All Defendants)**

70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

72.    Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements. The deficiencies include, among other things, failing to state all wages owed or paid including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums. Further, in violation of California Labor Code section 226(a), Defendants do not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

73.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

74.    Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

1 | statements under California Labor Code section 226(a). In addition, because Defendants

2 | failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

3 | been prevented by Defendants from determining if all hours worked were paid and the extent

4 | of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

5 | records, and perform computations in order to analyze whether in fact Plaintiff was paid

6 | correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

7 | lost time. Plaintiff would not have had to engage in these efforts and incur these costs had

8 | Defendants provided the accurate number of total hours worked. This has also delayed

9 | Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

10 | 75.    Plaintiff and class members are entitled to recover from Defendants the greater

11 | of their actual damages caused by Defendants' failure to comply with California Labor Code

12 | section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

13 | employee.

14 | **SEVENTH CAUSE OF ACTION**

15 | **Violation of California Business & Professions Code § 2802, *et seq.***

16 | **(Against All Defendants)**

17 | 76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18 | and every allegation set forth above.

19 | 77.    Labor Code§ 2802 provides that "[a]n employer shall indemnify his or her

20 | employee for all necessary expenditures or losses incurred by the employee in direct

21 | consequence of the discharge of his or her duties."

22 | 78.    In order to discharge their duties for Defendants, Plaintiffs and Class Members

23 | have incurred reasonable and necessary expenses in the course of completing their job duties,

24 | which were not reimbursed by Defendants.

25 | 79.    Plaintiffs and Class Members are entitled to reimbursement for these necessary

26 | expenditures, plus interest and attorneys' fees and costs, under Labor Code§ 2802.

27 |

28 |

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

82.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

83.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

(b)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable Industrial Welfare Commission Order;

(c)     Failing to provide meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Order;

(d)     Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the

applicable Industrial Welfare Commission Order;

(e)     Failing to reimburse Plaintiff and class members for all necessary and reasonable business expenses incurred in the performance of their job duties and

(f)     Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable Industrial Welfare Commission Order as set forth below.

84.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

85.     California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, Defendants failed to pay Plaintiff and class members all wages due to them, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within any time period specified by California Labor Code section 204.

86.     Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

1  class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

2  section 1021.5 and other applicable laws; and an award of costs.

3  **REQUEST FOR JURY TRIAL**

4  Plaintiff requests a trial by jury.

5  **PRAYER FOR RELIEF**

6  Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against

7  Defendants, jointly and severally, as follows:

8  1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

9  excess of twenty-five thousand dollars ($25,000).

10  **Class Certification**

11  2.   That this case be certified as a class action;

12  3.   That Plaintiff be appointed as the representative of the Class;

13  4.   That counsel for Plaintiff be appointed as Class Counsel.

14  **As to the First Cause of Action**

15  5.   That the Court declare, adjudge, and decree that Defendants violated California

16  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

17  pay all overtime wages due to Plaintiff and class members;

18  6.   For general unpaid wages at overtime wage rates and such general and special

19  damages as may be appropriate;

20  7.   For pre-judgment interest on any unpaid overtime compensation commencing

21  from the date such amounts were due;

22  8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

23  California Labor Code section 1194(a); and

24  9.   For such other and further relief as the Court may deem equitable and

25  appropriate.

26  **As to the Second Cause of Action**

27  10.   That the Court declare, adjudge and decree that Defendants violated California

28  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

1 | Plaintiff and class members;

2 | 11.    For general unpaid wages and such general and special damages as may be
3 | appropriate;

4 | 12.    For pre-judgment interest on any unpaid compensation from the date such
5 | amounts were due;

6 | 13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
7 | California Labor Code section 1194(a);

8 | 14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

9 | 15.    For such other and further relief as the Court may deem equitable and
10 | appropriate.

11 | **As to the Third Cause of Action**

12 | 16.    That the Court declare, adjudge, and decree that Defendants violated California
13 | Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)
14 | Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

15 | 17.    That the Court make an award to the Plaintiff and class members of one (1)
16 | hour of pay at each employee's regular rate of compensation for each workday that a meal
17 | period was not provided;

18 | 18.    For all actual, consequential, and incidental losses and damages, according to
19 | proof;

20 | 19.    For premiums pursuant to California Labor Code section 226.7(b);

21 | 20.    For pre-judgment interest on any unpaid meal period premiums from the date
22 | such amounts were due; and

23 | 21.    For such other and further relief as the Court may deem equitable and
24 | appropriate.

25 | **As to the Fourth Cause of Action**

26 | 22.    That the Court declare, adjudge and decree that Defendants violated California
27 | Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all
28 | rest periods to Plaintiff and class members;

23. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of Plaintiff and other class members no longer employed by Defendants.

29. For all actual, consequential and incidental losses and damages, according to proof;

30. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

31. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

32. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

34. For all actual, consequential and incidental losses and damages, according to proof;

35. For statutory penalties and injunctive relief pursuant to California Labor Code section 226(e) and (h); and

36. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

37. That the Court declare that XPO's policies and/or practices violate California law by failing to reimburse all business expenses incurred by Drivers in the discharge of their duties as employees of XPO violates California Labor Code § 2802;

38. For all actual, consequential and incidental losses and damages, according to proof;

39. For an award of damages in the amount of unpaid unreimbursed business expenses, pursuant to California Labor Code Section 2802, according to proof;

40. For pre-judgment interest on any unpaid unreimbursed business expenses from the date such amounts were due; and

41. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

42. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

43. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

44. For the appointment of a receiver to receive, manage and distribute any and all

1  funds disgorged from Defendants and determined to have been wrongfully acquired by

2  Defendants as a result of violations of California Business & Professions Code sections 17200

3  *et seq.*;

4      45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

5  California Code of Civil Procedure section 1021.5; and

6      46.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8

9  Dated: May 23, 2017                              Respectfully submitted,

10                                                 The Bainer Law Firm

11

12                                        By:

13                                                 Matthew R. Bainer, Esq.

14                                                 Attorneys for Plaintiff Hector Ibanez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew R. Bainer, Bar No. 220972
The Bainer Law Firm
1901 Harrison St., Ste. 1100
Oakland, CA 94612
TELEPHONE NO. (510) 922-1802    FAX NO. (510) 844-7701
ATTORNEY FOR (Name): Hector Ibanez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-020
BRANCH NAME: San Bernardino District-Civil Division

CASE NAME:
Ibanez v. XPO Last Mile, Inc.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 23 2017

BY _____
DAISY MONDRAGON, DEPUTY

BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS 1709725 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 23, 2017
Matthew R. Bainer, Esq.
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1709725

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 07/24/17     Time:  8:30     Dept: S26

IN RE: (COMPLEX)IBANEZ -V- XPO LAST MILE

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 07/24/17 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy Eberhardt, Interim Court Executive Officer
Date: 05/23/17                                    By: DAISY MONDRAGON
----------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S/ mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(√) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 05/23/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/23/17 at San Bernardino, CA  By: DAISY MONDRAGON



## Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR – ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

### The Most Common Types of ADR: Mediation and Arbitration

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
Program Director: Lynne Anderson, Executive Director
City Center Building
Inland Fair Housing & Mediation Board
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
909-984-2254 or 800-321-0911
Fax: 909-460-0274
*www.inmedbd.com*

**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino. It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor. Judge David Cohn presides in the Complex Litigation Department. The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

### DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

Revised August 10, 2016 - GH

GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department. At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

2                                                              Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

#### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

#### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section 1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

Revised August 10, 2016

GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court.  Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree.  The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference.  This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements.  Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

5

GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

Revised August 10, 2016

GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case
Management Conference will function as the Case Conference required by California Rules of
Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of
Court in connection with motions, all counsel and unrepresented parties are required to "meet
and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending
motion, or to resolve or narrow some of the issues. The moving party must arrange for the
conference, which can be conducted in person or by telephone, to be held no later than four
calendar days before the hearing. No later than two calendar days before the hearing, the
moving party is required to file a notice in the Complex Litigation Department, with service on
all parties, specifying whether the conference has occurred and specifying any issues that
have been resolved. If the need for a hearing has been eliminated, the motion may simply be
taken off-calendar. Failure to participate meaningfully in the conference may result in the
imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice*
or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of
Court, and Local Rules regarding motions, including but not limited to their format.
Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that
exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of
documents, are encouraged to agree to electronic service for all pleadings, motions, and other
materials filed with the court as well as all discovery requests, discovery responses, and
correspondence. Nevertheless, parties must still submit "hard" copies to the court of any
pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such
conferences may address the scope of allowable discovery, the order of discovery, issues of
privilege,

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

### CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

### THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

EXHIBIT B

<table>
<tr><td>1</td><td>Allyson S. Ascher (SBN 286863)<br>JACKSON LEWIS P.C.</td></tr>
</table>

1 | Allyson S. Ascher (SBN 286863)
JACKSON LEWIS P.C.
2 | 200 Spectrum Center Drive, Suite 500
Irvine, CA  92618
3 | Tel:  (949) 885-1360
Fax:  (949) 885-1380
4 | E-mail:  Allyson.Ascher@jacksonlewis.com

5 | Attorneys for Defendant
XPO LAST MILE, INC.

6

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 23 2017

BY _____
ANNE PERRY, DEPUTY

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN BERNARDINO**

10

| | |
|---|---|
| 11 | HECTOR IBANEZ, Individually, and on Behalf of Others Similarly Situated Individuals, | Case No. CIVDS 1709725 |
| 12 | Plaintiffs | Assigned to Judge David Cohn, Dept. S-26 |
| 13 | vs. | **XPO LAST MILE, INC.S ANSWER TO CLASS ACTION COMPLAINT** |
| 14 | | |
| 15 | XPO LAST MILE, INC., a Georgia corporation, and DOES 1 through 25, Inclusive | |
| 16 | | Complaint filed:  May 23, 2017 |
| 17 | Defendant. | BY FAX |

18 | Defendant XPO Last Mile, Inc., ("Defendant") answers the Class Action Complaint filed by

19 | Plaintiff Hector Ibanez as follows:

20 | **GENERAL DENIAL**

21 | Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally

22 | and specifically each and every allegation contained in Plaintiff's Class Action Complaint, and

23 | further denies that Plaintiff has been injured in the amount or manner alleged or in any other manner

24 | whatsoever as the result of any act, failure to act/or delay in acting by Defendant.

25 | **AFFIRMATIVE DEFENSES**

26 | 1.    As a separate and distinct affirmative defense, Defendant is informed and believes that a

27 | reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges

28 | ///

XPO LAST MILE, INC.'S ANSWER TO CLASS ACTION COMPLAINT

that the Complaint and each claim set forth therein fails to state a claim against Defendant upon which relief can be granted.

2.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff is an independent contractor.

3.      As a separate and distinct affirmative defense, Defendant alleges that it is not a proper party because it was never Plaintiff's employer.

4.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are subject to binding arbitration and, therefore, this Court lacks jurisdiction over Plaintiff's purported claims.

5.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent that Plaintiff or any person he purports to represent does not reside in, and work primarily in, California because the provisions of the California Labor Code cited in the Complaint apply only to California residents working primarily in California.

6.      As a separate and distinct affirmative defense, Defendant alleges that, for all relevant and applicable periods of time, Plaintiff's claims are barred, in whole or in part, because he was at all times exempt from the provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, employment expenses, wage statements, waiting time, and hours of employment, from the wage orders of California's Industrial Welfare Commission, and from any other law upon which Plaintiff proceeds.

7.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because even assuming, *arguendo*, the existence of an employment relationship, Plaintiff was exempt from overtime pursuant to the Motor Carrier Exemption under both state and federal law, including the Federal Motor Carrier Safety Act ("FMCSA"), 49 U.S.C. § 31141 and implementing regulations of the Federal Motor Carrier Safety Administration (Federal Motor Carrier Safety Regulations), and/or Section 1200 of Title 13 of the California Code of Regulations.

8.      As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims fail because some or all of the statutes and Wage Order provisions on which they

are based are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501 *et seq.* ("FAAAA"), because they improperly regulate and control the rates, routes, and/or services of motor carriers and interfere with the competitive market forces within the industry.

9.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that such penalties constitute unjust enrichment and/or an excessive fine.

10.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by one or more statutes of limitations, including but not limited to California Code of Civil Procedure §§ 338, 339, and 340, California Business and Professions Code § 17208, and/or California Labor Code § 203.

11.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Defendant has exercised reasonable diligence in the discharge of its alleged duties.

12.    As a separate and distinct affirmative defense, Defendant alleges that to the extent that any injuries referenced in the Complaint were caused, in whole or in part, by the contributory or comparative negligence, fault, or want of due care by Plaintiff's or others, Plaintiff is barred from recovery, and/or recoverable damages must be reduced in proportion to the amount of negligence or other fault attributable to Plaintiff or others.

13.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiff and/or his agents have released any of their purported causes of action against Defendant.

14.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiff and/or his agents have received payment of any of the amounts claimed therein.

15.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

16.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is estopped by his own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which they seek relief.

17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by judicial estoppel.

19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of waiver.

20.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff had the opportunity and/or duty to avoid the damages alleged in the Complaint, but failed to do so.

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties under California Labor Code § 226 are barred because even assuming, *arguendo*, that Defendant violated Section 226, such alleged violation was not knowing and/or intentional on the part of Defendant and, moreover, Plaintiff has failed to show any injury resulting from such alleged violation.

22.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim for penalties under California Labor Code § 203 to the extent that any person claiming such penalties did not resign or was not discharged prior to the filing of this action or continued to provide services at the time this action was filed.

23.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for waiting time penalties under California Labor Code § 203 are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202, and 203; (b) Defendant has not intentionally or

///

willfully failed to pay each additional compensation; and (c) to impose penalties in this action would be inequitable and unjust.

24.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are based in whole or in part upon alleged misconduct by Defendant's agents or employees, such claims are barred because such conduct was beyond the course and scope of those agents' or employees' respective agency or employment with Defendant, and such conduct was not authorized, adopted, or ratified by Defendant, and/or Defendant did not know of, nor should it have known of, such conduct.

25.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint and, therefore, are barred, in whole or in part, from recovering any relief on the Complaint or any purported cause of action alleged therein.

26.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of consent.

27.     As a separate and distinct affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "fraudulent" within the meaning of California Business and Professions Code §§ 17200 *et seq.*

28.     As a separate and distinct affirmative defense, Defendant alleges that it cannot be liable for any alleged violation of California Business and Professions Code § 17200 *et seq.* because its actions, conduct and/or dealings were lawful, and were carried out in good faith and for legitimate business purposes.

29.     As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff is not entitled to any penalty award under any provision of California law because at all relevant times Defendant did not willfully, knowingly, or intentionally fail to comply with any provision of law, but rather acted in good faith and had reasonable grounds for belief that it did not violate such provisions.

///

30.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because imposing penalties, as prayed for in the Complaint, would be unjust and inequitable, and against the public policy of the United States and/or the State of California, under the circumstances of this case.

31.     As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff seeks to recover equitable relief, such relief is barred because Plaintiff has an adequate remedy at law.

32.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

33.     As a separate and distinct affirmative defense, Defendant alleges that any award to Plaintiff must be offset by the value of monies and/or benefits Defendant paid to Plaintiff that were not owed.

34.     As a separate and distinct affirmative defense, Defendant alleges that some or all of the purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

35.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for injunctive and/or declaratory relief necessarily fail to the extent that they no longer contract with Defendant, nor perform any services in connection with Defendant, its subcontractors or its customers.

36.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any putative penal damages or penalties under California law, and any award of penalties would in general or under the facts of the Plaintiff's Complaint violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

37.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff fails to state facts sufficient to constitute a claim for which attorney's fees and/or costs may be awarded.

38.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing or authorization to pursue relief on behalf of the individuals whom he purports to represent.

39.     As a separate and distinct affirmative defense, Defendant alleges that this action does not meet the requirements of class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, commonality, typicality, adequacy, and superiority.

40.     As a separate and distinct affirmative defense, Defendant alleges that without waiving the ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does not certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against each and every member of the certified class.

41.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because Plaintiff has been fully paid all amounts legally owed by Defendant, and by accepting any payments made to him, Plaintiff has effectuated an accord and satisfaction of his claims.

42.     As a separate and distinct affirmative defense, Defendant alleges that, because liability and/or damages, if any, to each member of the allegedly "similarly situated" individuals, if any, may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

43.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm Defendant will suffer if injunctive or declaratory relief is permitted.

44.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to injunctive or declaratory relief because he will not suffer any irreparable injury if injunctive or declaratory relief is declined.

1

## RESERVATION OF RIGHTS

2        Defendant reserves the right to amend its answer or affirmative defenses as the facts become

3    known through the course of additional investigation and discovery.

4        WHEREFORE, Defendant seeks:

5        1.    Dismissal of the Complaint, with prejudice;

6        2.    Entry of a judgment against Plaintiff and for Defendant on all causes of action;

7        3.    A judgment awarding plaintiff nothing;

8        4.    An award of costs and attorneys' fees to the Defendant according to the law; and

9        5.    Such other relief as the Court deems fair and just.

10

11   DATED: June 22, 2017                         JACKSON LEWIS PC

12

13                                          By:

14                                             Allyson S. Ascher
                                               Attorneys for Defendant
                                               XPO Last Mile, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

**CASE NAME: HECTOR IBANEZ vs. XPO LAST MILE INC., et al.**

3

**SAN BERNARDINO SUPERIOR COURT CASE NUMBER:  CIVDS 170972J**

4

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not
a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine,

5

CA  92612.

6

    On June 22, 2017, I served the foregoing document(s) described as **XPO LAST MILE,
INC.S ANSWER TO CLASS ACTION COMPLAINT** in this action by placing a true copy

7

thereof in a sealed envelope addressed as follows:

8

Matthew R. Bainer, Esq.                     Attorneys for Plaintiff
THE BAINER LAW FIRM                    HECTOR IBANEZ

9

1901 Harrison ST., Suite 1100
Oakland, CA  94612

10

T: (510) 922-1802
F: (510) 844-7701

11

Email: mbainer@bainerlawfirm.com

12

**[XX]   BY MAIL**

13

14

    As follows: I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on
that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of

15

business.  I am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for mailing in

16

affidavit.

17

**[XX]   BY E-MAIL OR ELECTRONIC TRANSMISSION**

18

    Based on a Court order or on an agreement by the parties to accept service by e-mail or
electronic transmission, I caused the document(s) described above to be sent from e-mail address

19

@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a
reasonable time after the transmission, any electronic message or other indication that the

20

transmission was unsuccessful.

21

    **[XX]   STATE**  I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

22

23

    Executed on June ___, 2017, at Irvine, California.

24

25

                                            _____
                                                    Alison Reid

26

4853-3090-5418, v. 1

27

28

EXHIBIT C

1  Allyson S. Ascher (SBN 286863)
   JACKSON LEWIS P.C.
2  200 Spectrum Center Drive, Suite 500
   Irvine, CA  92618
3  Tel:  (949) 885-1360
   Fax:  (949) 885-1380
4  E-mail:  allyson.ascher@jacksonlewis.com

5  Attorneys for Defendant
   XPO LAST MILE, INC.
6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN BERNARDINO**

10

11 HECTOR   IBANEZ,   Individually,   and   on       Case No. CIVDS 1709725
   Behalf of Others Similarly Situated Individuals,
12                                                     Assigned to Judge David Cohn, Dept. S-26
                    Plaintiffs
13                                                     **NOTICE TO ADVERSE PARTY OF FILING**
            vs.                                        **NOTICE OF REMOVAL OF REMOVAL TO FEDERAL**
14                                                     **COURT [28 U.S.C. § 1446(d)]**
   XPO LAST MILE, INC., a Georgia
15 corporation, and DOES 1 through 25,
   Inclusive
16                                                     Complaint filed:  May 23, 2017
                    Defendant.
17

18          TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that on June 23, 2017, Defendant, XPO LAST MILE, INC., will

20 file a Notice of Removal and related papers with the United States District Court for the Central

21 District of California, Eastern Division.  A true and correct copy of the Notice of Removal is attached

22 hereto as Exhibit "A" and is incorporated by this reference as if set forth in full herein.  A copy of

23 this Notice has been filed with the Court of the San Bernardino Superior Court.

24 //

25 //

26 //

27 //

28 //

─────────────────────────────────────────────────────────
NOTICE TO ADVERSE PARTY OF FILING NOTICE OF REMOVAL

1    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), once completed,

2  the filing of this Notice effects the removal of this action and this Court is directed to "proceed no

3  further unless and until the case is remanded."

4

5  DATED: June 23, 2017                          JACKSON LEWIS PC

6

7                                               By:
                                                    Allyson S. Ascher
8                                                   Attorneys for Defendant
                                                    XPO Last Mile, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28