# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KRAMER on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>XPO LOGISTICS, INC.; and DOES 1 – 100,<br><br>Defendants.<br>_____<br><br>HECTOR IBANEZ on behalf of himself, all others similarly situated, and on behalf of the general public<br><br>Plaintiffs,<br><br>v.<br><br>XPO LAST MILE, INC.; and DOES 1 – 100,<br><br>Defendants. | Case No. 3:16-cv-07039-WHO<br>*Consolidated with* 3:17-cv-04009-JSC<br><br>[*Assigned to the Honorable William H. Orrick*]<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT**<br><br>**Date: April 1, 2020**<br>**Time: 2:00 p.m.**<br>**Ctrm.: HELD TELEPHONICALLY**<br><br>Action Filed: September 22, 2016<br>Date Removed: December 8, 2016<br>Trial Date: December 3, 2018<br><br>This Document Relates To:<br>*Kramer*, 3:16-cv-07039-WHO<br>*Ibanez*, 3:17-cv-04009-JSC |

**ORDER**

Plaintiffs' motion for an order granting final approval of class action settlement and motion for attorneys' fees duly came on for telephonic hearing on April 1, 2020, before the Honorable William H. Orrick. The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore, the motion is hereby granted and

**IT HEREBY ORDERED, ADJUDGED, and DECREED:**

1. <u>Incorporation of Other Documents.</u> This Order (the "Final Approval Order") and final Judgment (the "Final Judgment") incorporates the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2. <u>Final Settlement Approval</u>. The Court finds and determines, applying a heightened fairness inquiry, that the terms of the Settlement Agreement are fair, reasonable and adequate to the Settlement Class and to each Settlement Class Member and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated. The Court finds that the Settlement was reached as a result of informed and non-collusive arms-length negotiations facilitated by a neutral mediator. The Court further finds that the Parties conducted extensive investigation, research, and discovery and that their attorneys were able to reasonably evaluate their respective positions. The Court also finds that settlement will enable the Parties to avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. The Court has reviewed the monetary recovery provided as part of the settlement and recognizes the significant value accorded to the Class.

3. The Court further finds the terms and provisions of the Settlement Agreement have been entered into in good faith, and are the product of arm's length negotiations by experienced counsel who have done a meaningful investigation of the claims in

2

dispute. The Settlement is fair, reasonable, and adequate when compared to the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, the amount offered in settlement, and Settlement Class Members' reaction to the Settlement. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

4. <u>Class Certification</u>. The Court has certified a Settlement Class, for purposes of settlement only, defined in the Settlement Agreement as follows: "all individuals who did not contract with XPO LM, and (1) are "Drivers" that performed delivery services within the state of California during the Class Period for a Carrier, or (2) are "Helpers" with a California address and were/are associated with any Carrier that performed services within the state of California during the Class Period. (This Settlement Class expressly excludes those drivers and helpers who delivered goods that were tendered to them at the Macy's warehouse located at 1200 Whipple Road, Union City, CA 94587). The Class Period extends from September 22, 2012 through September 6, 2019. The Court finds that the Class satisfies all of the requirements of Federal Rule of Civil Procedure, Rule 23(a) and Rule 23(b)(3).

5. <u>CAFA</u>. Pursuant to the Class Action Fairness Act, 28, U.S.C. § 1711 *et seq*. ("CAFA"), Defendant mailed notice of the proposed settlement to the Attorney General of the United States and the appropriate state official in each state in which a Settlement Class Member reportedly resides, according to Defendant's records. Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

6. <u>Class Notice.</u> Pursuant to the Order Granting Preliminary Approval (Dkt. #95) and the Order to Amend the Settlement Agreement to Increase Litigation Costs and Reset Final Approval Hearing (Dkt. #98), a Notice of Class Action Settlement

3

Order Granting Final
Approval of Class Action Settlement and
Entering Judgment

Case No. 3:16-cv-07039-WHO
*Consolidated with* 3-17-cv-04009-JSC

("Class Notice") was mailed to 3,236 Settlement Class Members by first-class U.S. Mail on December 18, 2019. An IRS W-9 Form was also mailed to 2,453 Settlement Class Members. The Class Notice informed the Settlement Class of the terms of the Settlement, of their right to receive their proportional settlement payment, of their right to request exclusion from the Settlement Class and the settlement, of their right to comment upon or object to the Settlement and to appear in person or by counsel at the Final Approval Hearing, and of the date set for the Final Approval hearing. Adequate periods of time were provided by each of these procedures.

7. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the Settlement Class Members' response. The Court finds and determines that the Class Notice provided in conjunction with preliminary approval was the best notice practicable, which satisfied the requirements of law and due process.

8. <u>Settlement Class Response</u>. No Settlement Class Members filed a written objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing. Three Settlement Class Members requested exclusion from the Settlement Class and the Settlement.

9. <u>Adequacy of Representation</u>. The Court finds that Class Counsel, attorneys from the Mara Law Firm, PC and the Bainer Law Firm, have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. The Court finds that the Parties conducted extensive investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court hereby confirms David Mara and Jamie Serb of Mara Law Firm, PC and Matthew Bainer of Bainer Law Firm as Class Counsel in this action. The Court further confirms Plaintiff Hector Ibanez as Class Representative in this action.

4

10. <u>Disbursement of the Settlement.</u>

    a. <u>Individual Settlement Payments</u>. The Court finds and determines that the Individual Settlement Shares provided for by the terms of the Settlement Agreement to be paid to Settlement Class Members are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

    b. <u>Class Counsel's Fees and Cost Award</u>. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument submitted by Class Counsel, the Court finds and determines Class Counsel have conferred a benefit on absent Settlement Class Members and, having expended efforts to secure a benefit to the Settlement Class, are entitled to a fee. Accordingly, the Court hereby orders an award of $1,375,000.00 for attorneys' fees and $119,812.06 for litigation costs, to be paid out of the Gross Settlement Amount to Class Counsel, is fair and reasonable. The Court does not find the attorney fee award of $1,375,000.00 and costs of $119,812.06 are a disproportionate distribution of the Settlement under *In Re Bluetooth Product Liability Case* (*"Bluetooth"*) (9th Cir. 2011) 654 F.3d 935. The Court also finds the attorney fee award here is not unreasonable under *Bluetooth* because the Parties did not arrange for fees to revert to Defendant in the event the Court awarded less than requested. Therefore, the attorneys' fees and litigation costs are approved and ordered paid in accordance with the terms of the Settlement Agreement.

    c. <u>Class Representative Payment</u>. The Court finds and determines the Class Representative enhancement payment in the amount of $10,000 to Plaintiff Hector Ibanez is fair and reasonable. The Court hereby orders the Class

5

Order Granting Final  
Approval of Class Action Settlement and  
Entering Judgment

Case No. 3:16-cv-07039-WHO  
*Consolidated with* 3-17-cv-04009-JSC

      Representative Payment is finally approved and ordered paid in accordance with the terms of the Settlement Agreement.

    d. <u>Settlement Administration Costs</u>. The Court finds and determines that the payment of the Settlement Administration costs in the amount of $35,500.00, to be paid to CPT Group, Inc. out of the Gross Settlement Amount, is fair and reasonable. The Court hereby orders the Settlement Administrator to make this payment to itself in accordance with the terms of the Settlement Agreement.

    e. <u>PAGA Payment</u>. The Court finds that the PAGA Payment of $550,000, of which $412,500 is to be paid to the California Labor & Workforce Development Agency ("LWDA") out of the Gross Settlement Amount, to be reasonable and appropriate. The remaining $137,500.00 (25% of the PAGA Payment) shall remain in the Net Settlement Amount to be included when distributing Individual Settlement Payments to Participating Settlement Class Members. The Court hereby grants final approval to and orders that the PAGA Payment be paid pursuant to the terms and provisions set forth in the Settlement Agreement.

11. <u>No Further Liability</u>. Neither Defendant nor any of the Released Parties shall have any further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for by the Settlement Agreement.

12. <u>Enforcement of Settlement</u>. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant fund the Qualified Settlement Fund in accordance with the Settlement Agreement.

13. <u>Release.</u> By this Judgment, Plaintiff shall release, relinquish, and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of

the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Settlement Agreement.

14. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the administration and effectuation of the Settlement and of this Order, including, but not limited to:

    a. the ultimate disbursal of Class Counsel's attorneys' fees and costs and Plaintiff's Class Representative payment;

    b. enforcing the terms and provisions of the Settlement Agreement;

    c. resolving any disputes, claims, or causes of action in the Class Action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Approval Order and Final Judgment;

    d. entering such additional orders as may be necessary or appropriate to protect or effectuate this Final Approval Order and Final Judgment approving the Settlement Agreement, and permanently enjoining Plaintiff from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    e. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. <u>No Admission</u>. The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. In particular, neither this Settlement Agreement, nor any document, statement, proceeding, or conduct related to this Settlement Agreement, including the Final Approval Order and Final Judgment, may be:

a. Construed as, offered, or admitted into evidence as, or deemed to be evidence of a presumption, concession, indication, or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damages; or

b. Disclosed or referred to, or offered or received into evidence, in any further proceeding in the Class Action, or any other civil, criminal, or administrative action or proceeding against any of the Released Parties, except for purposes of settling this Class Action, enforcing the terms of the Settlement Agreement, or establishing that the settlement herein has occurred.

c. However, the Settlement Agreement may be filed by any of the Released Parties in an action to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

16. <u>Attorneys' Fees and Costs</u>. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

17. <u>Post-Distribution Accounting</u>. By June 23, 2020, the Parties are ordered to file a Post-Distribution Accounting, providing the following information: the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the

8

Order Granting Final
Approval of Class Action Settlement and
Entering Judgment

Case No. 3:16-cv-07039-WHO
*Consolidated with* 3-17-cv-04009-JSC

administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any. The Parties should summarize this information in an easy-to-read chart. The Parties are further ordered to post this Post-Distribution Accounting on the settlement website.

18. <u>Final Judgment</u>. The Court hereby enters final judgment in this case in accordance with the terms of (1) the Settlement Agreement; (2) Order Granting Motion for Preliminary Approval of Class Action Settlement; and (3) this Order. Upon entry of this Order and Final Judgment, the Action is hereby dismissed with prejudice as against Defendant. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

**IT IS SO ORDERED.**

Date:   April 2, 2020

_____
BY ORDER OF THE COURT
NORTHERN DISTRICT OF CALIFORNIA
HONORABLE WILLIAM H. ORRICK